**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**DARRELL ANTHONY JOHNSON** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-439-JHM**

**LMDC OFFICER WEB** **DEFENDANT**

# MEMORANDUM OPINION AND ORDER

Plaintiff Darrell Anthony Johnson filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. [DN 1]. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow some claims to proceed and dismiss some claims.

## I.

Plaintiff moves to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). [DN 7]. Rule 15(a) of the Federal Rules of Civil Procedure authorizes a party to amend his pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Because Plaintiff filed the amended complaint prior to any responsive pleadings being filed, no motion to amend is necessary.

As such, **IT IS ORDERED** that the motion to amend [DN 7] is **DENIED as moot**. Upon consideration, **the Court DIRECTS the Clerk of Court to re-docket DN 7 as the amended complaint as of the date it was originally filed. The Clerk of Court is FURTHER DIRECTED to add LMDC Officer C. Embry as a Defendant in this case and to modify the name of LMDC Officer Web to LMDC Officer S. Webb.** The Court will consider this amended complaint, along with the original complaint, in conducting the initial review.

## II.

At the time Plaintiff filed the original complaint, he was a pretrial detainee housed at the Louisville Metro Detention Center ("LMDC"). He sues LMDC Correctional Officers S. Webb and C. Embry in their individual and official capacities asserting violations of his Fourteenth Amendment rights. [DN 1, DN 7].

Plaintiff states that on May 12, 2026, he was attacked by another inmate while he was being removed from his administrative segregation cell for his "hour-out" time. Plaintiff alleges that he was in administrative segregation for his protection and that Defendants Webb and Embry failed to ensure that the other cell doors in that dorm were secured prior to releasing Plaintiff from his secured cell. The inmate located in Cell 5 attacked Plaintiff causing injuries to him. Plaintiff represents that he received no medical care for his injuries. As a result of this conduct, Plaintiff claims that Defendants Webb and Embry demonstrated deliberate indifference to his safety and to his medical needs.

As a relief, Plaintiff seeks damages, full release from incarceration, release to home incarceration pending his criminal trial, expungement of his records, referral to a doctor and dentist as a result of the assault, and a loan in the amount of "fifty thousand to one hundred thousand dollars deposit for and off of my judge approved demand." [DN 7].

## III.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**IV.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claims**

Plaintiff sues Defendants in their official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants are actually against their employer, Louisville Metro Government.

Neither a municipality nor a county may be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any actions stated in the complaint or amended complaint occurred pursuant to a policy or custom implemented or endorsed by Louisville Metro Government. Because the complaint and amended complaint fail to establish a basis of liability against Louisville Metro Government, the constitutional claims against Defendants in their official capacity must be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-Capacity Claims**

Upon consideration, the Court will allow Plaintiff's § 1983 Fourteenth Amendment claims for deliberate indifference to inmate safety and for deliberate indifference to Plaintiff's serious medical needs to continue against Defendants Webb and Embry in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

**C. Injunctive Relief**

Plaintiff's claims for injunctive relief in the form of full release from incarceration, release to home incarceration pending his criminal trial, expungement of his records, and a loan in the amount of "fifty thousand to one hundred thousand dollars deposit for and off of my judge approved demand" will be dismissed since they are not available remedies under § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). Thus, Plaintiff's claims for the stated injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims and his claims for injunctive relief in the form of full release from incarceration, release to home incarceration pending his criminal trial, expungement of his records, and a loan in the amount of "fifty thousand to one hundred thousand dollars deposit for and off of my judge approved demand" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate service and scheduling order to address the remaining claims.

Date: October 30, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014